## STATE OF DELAWARE *vs.* GEORGE W. ROBERTS.

New Castle County, November Term, 1896.

**Libel. Indictment.**—An indictment for libel is good and will not be quashed, which is founded upon a newspaper article charging that the person alleged to to have been libeled had promoted litigation to accomplish the financial ruin of another and the deprivation of his personal liberty, that he had committed " an outrage upon decency and common sense," which could be " accounted for on no other theory than the insanity of the persecutors," that he was guilty of robbery and was actuated by "reasons no higher than common theft."

This was an indictment for a libel alleged to have been published by the defendant against Washington Hastings.

The indictment was as follows :

The Grand Inquest for the State of Delaware and the body of New Castle County, on their oath and affirmation, respectively, Do Present, that George W. Roberts, late of East Dover Hundred in Kent County, on the twenty-fourth day of October, in the year of our Lord one thousand eight hundred and ninety-six, with force and arms at Wilmington Hundred, New Castle County, unlawfully and maliciously contriving and intending to villify and defame one Washington Hastings and to bring him into public scandal and disgrace and to injure and aggrieve him, the said Washington Hastings, on the said twenty-fourth day of October, in the year of our Lord one thousand eight hundred and ninety-six, at Wilmington Hundred, at New Castle County aforesaid, unlawfully and maliciously did publish and cause to be published in a· certain newspaper called *The State Sentinel,* a certain false, scandalous, malicious and defamatory libel of and concerning him, the said Washington Hastings, containing therein, among other things, the false, malicious, defamatory and libelous words and matters following, that is to say :·

"INSANE POLITCIAL PERSECUTION."

" The political opponents of J. Edward Addicks have appar-

ently gone stark mad. They manifest all the fury of madmen. Ex-Senator Higgins and Washington Hastings leading this opposition have manifested all the desperation of men bent upon the utter ruin of the man whom they hate. Mr. Addicks has been slandered and assailed at every point which could seriously injure him personally and in his business relations. All former efforts having failed, suits have now been entered in the United States Courts intended to ruin him financially, and, if possible, deprive him of his personal liberty. The circumstances of the persecution, the men" (meaning the said Washington Hastings and others) " who are conducting it, all point to one conclusion. It is a case of political persecution. As an outrage upon decency and common sense this proceeding is without parallel in Delaware history, and can be accounted for on no other theory than the insanity of the persecutors" (meaning said Washington Hastings and others). " We submit that this kind of persecution has reached the allowable limit. The good name of the people of Delaware is now involved. The safety of property in the hands of its owner is jeopardized, and life itself is in peril. That is what this means. These men" (meaning the said Washington Hastings and others) "have attempted to seize an opponent's property and prevent his control of it. That is robbery" (meaning that the said Washington Hastings is guilty of robbery). " It matters not that this has been attempted through process of law. It matters not that it is not intended to make the persecutors" (meaning the said Washington Hastings and others) " rich. It is attempting to take from the owner that to which the persecutors" (meaning the said Washington Hastings and others) " have no claim, and for reasons no higher than common theft. It is robbery" (meaning that the said Washington Hastings was guilty of robbery). "Above a man's property rights are his rights of life and liberty. These persecutors" (meaning the said Washington Hastings and others) "have attempted to have Mr. Addicks imprisoned. What for? To discredit him in the opinion of his fellow-citizens and to drive him from the exercise of his political rights. There is but one step more to reach a plane

for the consummation of all human villainy, murder. When men can be robbed of their property, when they can be deprived of their liberty as a part of political opposition, we are rapidly approaching a condition of things in which murder is winked at. There is no telling when the insane prejudice and hate of these persecutors" (meaning the said Washington Hastings and others) "of Mr. Ad-dicks will become contagious, and some weak-minded persons shall constitute themselves the final executors of this insane determination to destroy an opponent. The swift, certain judgment of the people of Delaware against this awful possibility should be given now. They, the people, are in honor bound to defend Mr. Addicks against such insane fury. The danger is imminent. The like has occurred. It has occurred under similar promotive circumstances. It may occur again. Lincoln and Garfield were the victims of an insane political prejudice. The conditions in Delaware are approaching the danger point out of which comes murder."

" Is it not time for the people to command a halt "

To the great injury, scandal and disgrace of him, the said Washington Hastings, and against the form of the act of the General Assembly in such case made and provided and against the peace and dignity of the State.

*Calhoun* (*Ward* with him), for the defendant, moved to quash the indictment, contending that the matter set out is not libelous and that an indictment for criminal libel will lie only where the words are libelous *per se*. *State vs. Jeandell et al.*, 5 Harrington 475 ; *Secor vs. Harris*, 18 Barb. 425 ; *Pratt vs. Pioneer Printing Co.*, 35 Minn. 251 ; Newell, Defamation §14; 2 Whart. Am. Cr. L. §2533. Then again the indictment does not set out that the person who published the alleged libel knew that it was false ; this is essential. Odgers, Lib. & Sl. 537 ; Archb. Crim. Pl. & Pr. §1038 ; Bishop, Crim. Proc. (2d ed.) §738. The words charged here would require an allegation of special damages.

*White,* Attorney General, replied.

PER CURIAM.   We think the indictment sufficient and refuse the motion to quash.